UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
DONALD DEBROSSE,

                          Plaintiff,               **AMENDED COMPLAINT**

-against-                                      PLAINTIFF DEMANDS
                                                      TRIAL BY JURY

THE CITY OF NEW YORK, DETECTIVE MICHAEL
GAYNOR, Tax #928363, DETECTIVE DAVID
ARVELO, Tax #895970, DETECTIVE LORRAINE    Case No.: 13-CV-3822 (SLT) (CLP)
WINTERS, Tax #921297, POLICE OFFICER PABLO
DEJESUS, Tax #915572, DETECTIVE ANDREW
MENNELLA, Tax #922778, DETECTIVE ROBERT
AIELLO, Tax #901092, DETECTIVE CLAUDE
JEANPIERRE, Tax #919209, POLICE OFFICERS
JOHN/JANE DOE(S) #s 1-10,

                          Defendants.
_____X

       PLAINTIFF DONALD DEBROSSE, by his attorney DAVID A. ZELMAN, ESQ., for his COMPLAINT, alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which PLAINTIFF DONALD DEBROSSE (hereinafter "DEBROSSE") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. On February 8, 2010, DEBROSSE was falsely arrested by employees of the City of New York. It is alleged that Defendants maliciously and without probable cause charged DEBROSSE with, inter alia, attempted murder. DEBROSSE was detained for approximately three weeks. All charges against DEBROSSE were dismissed on or about February 10, 2012. As a result of the malicious prosecution, denial of fair

trial, and abuse of process by Defendants, DEBROSSE suffered mental and emotional injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.

## III. PARTIES

3. DEBROSSE at all times relevant hereto resided Brooklyn, NY.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant DETECTIVE MICHAEL GAYNOR, Tax #928363 (hereinafter "GAYNOR") was an NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. GAYNOR is sued in his individual and official capacity.

6. Defendant DETECTIVE DAVID ARVELO, Tax #895970 (hereinafter "ARVELO") was an NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. ARVELO is sued in his individual and official capacity.

7. Defendant DETECTIVE LORRAINE WINTERS, Tax #921297 (hereinafter "WINTERS") was an NYPD detective, and at all times relevant hereto, acted in that

capacity as agent, servant, and/or employee of Defendant CITY and within the scope of her employment. WINTERS is sued in her individual and official capacity.

8. Defendant DETECTIVE LORRAINE WINTERS, Tax #921297 (hereinafter "WINTERS") was an NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of her employment. WINTERS is sued in her individual and official capacity.

9. Defendant POLICE OFFICER PABLO DEJESUS, Tax #915572 (hereinafter "DEJESUS") was an NYPD Police Officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. DEJESUS is sued in his individual and official capacity.

10. Defendant DETECTIVE ANDREW MENNELLA, Tax #922778 (hereinafter "MENNELLA") was an NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. MENNELLA is sued in his individual and official capacity.

11. Defendant DETECTIVE ROBERT AIELLO, Tax #901092 (hereinafter "AIELLO") was an NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. AIELLO is sued in his individual and official capacity.

12. Defendant DETECTIVE CLAUDE JEANPIERRE, Tax #919209 (hereinafter "JEANPIERRE") was an NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. JEANPIERRE is sued in his individual and official capacity.

13. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

14. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

15. On September 3, 2009, a shooting occurred at 1347 Flatbush Avenue, within the confines of the 70th Police Precinct, wherein an individual was shot repeatedly. Defendant New York City Police Officers were assigned to investigate the case. At some point during the investigation, Defendants focused their investigation on DEBROSSE.

16. On or about September 28, 2009, an alleged eyewitness was shown a photo array which included DEBROSSE. Upon information and belief, despite the fact that the witness informed the officers that she could not identify the shooter, Defendants pressured and/or coerced the witness to view a photo array and lineup. Ultimately, the criminal court found that the witness did not have a sufficient opportunity to view the shooter, and therefore had no independent source to be a witness in the case.

17. On or about October 5, 2009, DEBROSSE retained an attorney, who mailed a letter addressed to the New York City Police Department providing notice that DEBROSSE

was represented by counsel. The letter further requested that law enforcement notify DEBROSSE's attorney prior to any interrogation, communication, scientific testing, search, or identification procedures of Defendant.

18. On or about February 8, 2010, Defendant was arrested without probable cause by New York City Police Officers, and transported to the 70th Precinct in Brooklyn. At the precinct, DEBROSSE contacted his attorney. GAYNOR spoke with DEBROSSE's attorney, and informed him that DEBROSSE would be placed in a lineup that night. DEBROSSE's attorney insisted that he be allowed to be present at the lineup, but GAYNOR refused to postpone the lineup to allow DEBROSSE's attorney to be present.

19. At approximately 9:54 P.M. on February 8, 2010, DEBROSSE was placed in a lineup. GAYNOR and Defendants claimed that the witness identified DEBROSSE. Upon information and belief, the witness never identified DEBROSSE as the shooter because she did not see the shooting.

20. DEBROSSE was charged with multiple offenses including a top charge of Attempted Murder in the Second Degree (PL 110/125.25(1)) and bail was set at $50,000. The charges were submitted to a Grand Jury on or about February 11, 2010. DEBROSSE was in custody for approximately three weeks before making bail.

21. On September 8, 2011, the Court held a Wade hearing to determine the legality of the February 8, 2010 lineup identification and concluded that the lineup identification was defective and evidence of such must be suppressed.

22. Upon information and belief, there was a history between the Defendant officers and DEBROSSE that included investigations and prior arrests of both DEBROSSE and his brother. Upon information and belief, Defendant officers sought to punish DEBROSSE

5

for his perceived involvement in other criminal activity, and intended to arrest DEBROSSE in connection with the shooting for the purpose of removing DEBROSSE from the general population so he could not engage in future criminal activity. Upon information and belief, Defendants also falsely charged DEBROSSE with the intent to make DEBROSSE aware he was being monitored, so as to deter him from crime, as Defendants believed DEBROSSE was a criminal.

23. On or about February 10, 2012, all charges against DEBROSSE were dismissed. Upon information and belief, the charges were dismissed because the alleged eyewitness testified that she did not see the shooting and could not identify the shooter.

## V. FIRST CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

24. Paragraphs 1 through 23 are hereby realleged and incorporated by reference herein.

25. That Defendants acting with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that he had committed no crime.

26. That the criminal charge against DEBROSSE was terminated in his favor.

27. That there was no probable cause for the arrest and criminal proceeding.

28. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of DEBROSSE's rights, deprived DEBROSSE of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

29. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above

described policies and customs, Plaintiff was maliciously prosecuted despite the fact that he had committed no violation of the law.

30. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

31. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

32. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

33. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

34. That upon information and belief, in 2010, defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

35. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

36. Paragraphs 1 through 35 are hereby realleged and incorporated by reference herein.

37. By fabricating evidence, defendants violated DEBROSSE's constitutional right to a fair trial.

38. Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

39. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## VII. THIRD CAUSE OF ACTION
### Pursuant to § 1983 (ABUSE OF CRIMINAL PROCESS)

40. Paragraphs 1 through 39 are hereby realleged and incorporated by reference herein.

41. Defendants caused DEBROSSE to be arraigned and his criminal case to be submitted to a grand jury, constituting regularly issued legal process to compel performance or forbearance of some act.

42. Defendants intended to do harm without excuse or justification.

43. Defendants issued process against DEBROSSE in order to obtain a collateral objective that is outside its legitimate ends, including to ensure that DEBROSSE would be placed in custody.

44. There was no probable cause for the criminal proceeding.

45. By reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of

DEBROSSE's rights, deprived DEBROSSE of his liberty by abusing criminal process, in violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution.

46. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, DEBROSSE has suffered and will continue to suffer economic injuries, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

WHEREFORE, DEBROSSE respectfully requests that judgment be entered:

1. Awarding DEBROSSE compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding DEBROSSE punitive damages in an amount to be determined by a jury;

3. Awarding DEBROSSE interest from February 8, 2010 and

4. Awarding DEBROSSE reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

DATED:   Brooklyn, New York
         October 10, 2013

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225