UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DONALD DEBROSSE,

                                    Plaintiff,

    - against -

THE CITY OF NEW YORK, et al.,

                                    Defendants.
-----------------------------------------------------------X

**REPORT AND
RECOMENDATION**
13 CV 3822 (AMD) (CLP)

**POLLAK**, United States Magistrate Judge:

On July 9, 2013, Donald Debrosse ("plaintiff") commenced this civil rights action

against The City of New York (the "City"), Detective Michael Gaynor, Detective David Arvelo,

Detective Lorraine Winters, Police Officer Pablo DeJesus, Detective Andrew Mennella,

Detective Robert Aiello, Detective Claude Jeanpierre, and Police Officers John/Jane Does 1-10

(collectively, "defendants"), pursuant to 42 U.S.C. § 1983, alleging claims of malicious

prosecution, denial of a fair trial, and abuse of process. On October 10, 2013, plaintiff filed an

Amended Complaint.  By Notice of Motion dated December 21, 2015, plaintiff moves for

permission to file a Second Amended Complaint.

For the reasons set forth below, the Court respectfully recommends that plaintiff's

motion be denied.


                          FACTUAL BACKGROUND

Plaintiff Donald Debrosse alleges in his Amended Complaint that on February 8, 2010,

he was falsely arrested and charged with attempted murder. (Am. Compl.[1] ¶ 1).  Plaintiff alleges

---

[1]Citations to "Am. Compl." refer to plaintiff's Amended Complaint, dated October 10,
2013.

that he was detained following his arrest for a period of approximately three weeks, and then faced prosecution for attempted murder for over two years. He asserts claims of malicious prosecution, denial of a fair trial, and abuse of criminal process. (Id. ¶¶ 1, 24-46). In his Amended Complaint, plaintiff names as defendants the City, Detective Gaynor, Detective Arvelo, Detective Winters, Police Officer DeJesus, Detective Mennella, Detective Aiello, Detective JeanPierre, and John and Jane Doe officers. (Id. ¶¶ 4-13).

In moving to amend his Complaint a second time, plaintiff seeks to add as a new defendant Police Officer Chris Madison ("Officer Madison"). (Pl.'s Aff.[2] at 2). Plaintiff alleges that Officer Madison was the first officer to respond to the crime scene and records produced during discovery indicate that Officer Madison was approached by a witness who described a suspect. (Id.) Plaintiff alleges that the description of the suspect provided to the officer was of an individual in his mid-teens, while plaintiff was in his mid-twenties at the time of the incident. (Id.) The witness's name does not appear to have been recorded and when deposed, Officer Madison had "absolutely no recollection of this incident whatsoever." (Id.) Plaintiff asserts that Officer Madison's conduct in failing to record the witness's name violated NYPD rules and directly contributed to the wrongful prosecution of the plaintiff. (Id.)

Plaintiff argues that despite his request for documents listing the names of any officers present at the time or otherwise involved in plaintiff's arrest or the investigation of the shooting on September 3, 2009, defendants failed to provide him with Officer Madison's name. Although they listed several officers in their initial disclosures, they failed to mention Officer Madison even though he appeared at the scene and was involved in the investigation. (Id. at 3).

---

[2]Citations to "Pl.'s Aff." refers to plaintiff's Affirmation in Support of Plaintiff's Motion for Leave to File Second Amended Complaint, dated December 21, 2015.

According to plaintiff's counsel, it was only after taking Officer Madison's deposition and determining that he failed to take the name of the witness at the scene did the plaintiff determine that he should be named as a defendant in the action. (Id.) Thus, plaintiff seeks to file a Second Amended Complaint naming Officer Madison as an additional defendant.

## DISCUSSION

### A.  Motion to Amend - Standards

Rule 15 of the Federal Rules of Civil Procedure provides that when a party seeks to amend their pleading beyond the time period allowed for an amendment as a matter of course, that party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Thus, absent the opposing party's consent, the Rule requires parties seeking to amend their pleadings to obtain the leave of the Court before doing so. Id. Rule 15 expresses a strong presumption in favor of allowing amendment, stating that "[t]he court should freely give leave when justice so requires." Id. While courts have broad discretion in deciding whether to grant motions to amend, the Second Circuit has cautioned that an amendment should only be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200-01 (2d Cir. 2007), accord Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008). The party opposing amendment bears the burden of demonstrating good reason for denial. Speedfit, LLC v. Woodway USA, Inc., No. 13 CV 1276, 2015 WL 6143697, at *3 (E.D.N.Y. Oct. 19, 2015).

Here, defendants object to the proposed amendment on grounds of futility, arguing that: (1) the claims against Officer Madison are time-barred; (2) the claims do not relate back under

3

state or federal law; and (3) even if the claims could be added, plaintiff has no evidence that the defendant played any role in the criminal prosecution. (Defs.' Opp.[3] at 3-8).


B. Futility

Courts may deny motions to amend where the proposed amendment would be futile as a matter of law. Such futility is established where "the proposed amended complaint would fail to state a claim on which relief could be granted." Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 459 (S.D.N.Y. 2012) (citing Dougherty v. North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)). "The court applies the same standard as that for a motion to dismiss under Rule 12(b)(6) when deciding whether to grant leave to amend." Konrad v. Epley, No. 12 CV 4021, 2013 WL 6200009, at *20 (E.D.N.Y. Nov. 25, 2013). As such, a proposed amendment is futile if it does not "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). The proposed amendment must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In making this determination, courts accept all facts alleged by the moving party as true, and construe any ambiguities in favor of the moving party. Konrad v. Epley, 2013 WL 6200009, at *20.


1) Statute of Limitations

The law is well-established that for Section 1983 claims, "the applicable limitations period is found in the 'general or residual [state] statute [of limitations] for personal injury

---

[3]Citations to "Defs.' Opp." refer to Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint, dated January 23, 2016.

actions.'" Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997) (quoting Owens v. Okure, 488 U.S. 235, 249-50 (1989)). In New York, the three-year statute of limitations period for personal injuries has been held to apply to Section 1983 claims. Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002); Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1994).

In this case, plaintiff's claims of malicious prosecution, denial of a right to a fair trial, and abuse of the criminal process all accrued as of the date that the charges were dismissed against him. See Janovic v. City of New York, No. 04 CV 8437, 2006 U.S. Dist. LEXIS 59165, at *35 (S.D.N.Y. Aug. 17, 2006) (holding that malicious abuse of process and denial of fair trial claims accrued for statute of limitation purposes upon termination of the prosecution); Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995) (holding that the statute of limitations for a malicious prosecution case begins to run when the criminal prosecution is terminated). Since plaintiff's charges were dismissed no later than February 10, 2012, his claims accrued and the statute of limitations began to run as of that date. (Defs.' Opp. at 4). Thus, the three-year statute of limitations applicable to these Section 1983 claims expired on February 10, 2015 and any claims now asserted against Officer Madison would be time-barred. (Id.)

## 2) Relation Back Under Federal Rule of Civil Procedure 15(c)(1)(C)

However, plaintiff argues that his proposed Second Amended Complaint, which now adds Officer Madison as a defendant, is subject to the relation-back theory, under which a plaintiff's claim may relate back to the date of the initial filing so long as the claim arises out of the same conduct alleged in the initial pleading and as long as certain other conditions have been met. Under the relation back theory, plaintiff's claims against Officer Madison would be considered timely, even though he did not move to amend the Amended Complaint and add

5

Officer Madison as a defendant until December 2015, almost two years after the running of the statute of limitations.

Rule 15(c)(1)(C) of the Federal Rule of Civil Procedure provides that in order for an amended pleading to relate back, the following conditions must be met: "(1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, *but for a mistake of identity*, the original action would have been brought against it; and (4) the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and the original complaint was filed within the limitations period." Colson v. Haber, No. 13 CV 5394, 2016 WL 236220, at *3 (E.D.N.Y. Jan. 20, 2016) (internal citations and quotation marks omitted) (emphasis in original).  At issue in this case is the third element under Rule 15(c)(1)(C), which allows plaintiff to add a new party to a complaint only if he committed a mistake concerning the identity of the person being added; and but for plaintiff's mistake, the prospective defendant would have reasonably known that he would be named in the action. See Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 468 (2d Cir. 1995) (citing Fed. R. Civ. P. 15(c)).

Here, defendants argue that plaintiff cannot meet this third requirement because "plaintiff's use of [a] 'John Doe' defendant[ ] where he does not know [his] name[ ] does not constitute a mistake.'" (Defs.' Opp. at 5).  The concept of an error or mistake for purposes of Rule 15(c) has been defined by the Supreme Court as "[a]n error, misconception or misunderstanding; an erroneous belief." Krupski v. Costa Crociere, S.p.A., 560 U.S. 538, 548-49 (2010).  When new defendants are added "not to correct a mistake but to correct a lack of knowledge," courts have held that the requirements of Rule 15(c) have not been met. Hixon v.

6

City of N.Y., No. 14 CV 2504, 2015 WL 4470078, at *3 (S.D.N.Y. July 13, 2015).

This court has previously held that a plaintiff's use of John Doe to designate additional defendants when he does not know their names does not constitute a mistake. See, e.g., Colson v. Haber, 2016 WL 236220, at *3 (noting that the Second Circuit's interpretation of Rule 15(c) is that a "lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity'"); Moran v. County of Suffolk, No. 11 CV 3704, 2015 WL 1321685, at *6 (E.D.N.Y. Mar. 24, 2015) (holding that "where the plaintiff knows who the proper party is, just not by name, there is no mistake about identity that will permit relation back under Rule 15(c)"); Felmine v. City of N.Y., No. 09 CV 3768, 2011 WL 4543268, at *6 n.3 (E.D.N.Y. June 4, 2012); Bogle v. Melamed, No. 09 CV 1017, 2012 U.S. Dist. LEXIS 47068, at *6-8 (E.D.N.Y. Mar. 30, 2012). As a result, "John Doe" pleadings cannot circumvent the statute of limitations. See Tapia-Ortiz v. Doe, 17 F.3d 150, 151-52 (2d Cir. 1999) (internal quotations omitted); Olivo v. City of New York, No. 14 CV 4966, 2015 WL 4645271, at *4 (E.D.N.Y. Aug. 4, 2015) (holding that "John Doe defendants in [the] complaint does not itself allow [plaintiff] to circumvent the limitations period"); Hirsch v. Suffolk Cty., No. 08 CV 2660, 2015 WL 1275461, at *8 (E.D.N.Y. Mar. 18, 2015) (holding that "[i]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations"); Selvon v. The City of New York, No. 13 CV 6626, 2015 WL 4728144, at *1 (E.D.N.Y. Aug. 10, 2015) (holding that the practice of naming "John Doe" defendants "cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued") (internal citations omitted).

In this case, plaintiff cannot rely on the relation back theory under Federal Rule of Civil Procedure 15(c)(1)(C). It is clear that plaintiff's failure to name Officer Madison was not due to

a "mistake or error" as to the identity of the officer; instead, the officer was not named due to plaintiff's lack of knowledge as to the officer's involvement. Moreover, while plaintiff argues that the Court should permit the amendment as if it were a substitution for one of the John Doe defendants, the caselaw is clear that his pleadings against "John Doe" defendants cannot be the basis for circumventing the statute of limitations and therefore, the amendment is untimely.

### 3) Relation Back Under Federal Rule of Civil Procedure 15(c)(1)(A)

In the alternative, Rule 15(c)(1)(A) allows for an amended pleading to relate back to an earlier pleading if "the law that provides the applicable statute of limitations allows relation back." Here, because the claims alleged as the basis for the Section 1983 claims are the state law claims of false arrest, malicious prosecution and abuse of process, the applicable law is that of New York, "which contains two avenues through which plaintiffs may evade the statute of limitations: C.P.L.R. Sections 1024 and 203." Colson v. Haber, 2016 WL 236220, at *4.[4] Moreover, courts have found that relation back under CPLR § 1024 is "a more forgiving principle of relation back than the one provided" by Federal Rule of Civil Procedure 15(c)(1)(C). Moran v. County of Suffolk, 2015 WL 1321685, at *7 (quoting Hogan v. Fischer, 738 F.3d 509, 518 (2d Cir. 2013)).

Plaintiff argues that his proposed Second Amended Complaint is subject to the relation-back theory under CPLR § 1024, which allows a plaintiff to "'substitute a named party for a John Doe party *nunc pro tunc* if the plaintiff meets two requirements.'" (Pl.'s Aff. at 5 (quoting

---

[4]Since the requirements under CPLR § 203 "closely follow[ ]" the requirements under Federal Rule of Civil Procedure 15(c)(1)(C) and the Court has already determined that plaintiff's proposed Second Amended Complaint cannot relate back under Rule 15(c)(1)(C), the Court does not address plaintiff's amended pleading under CPLR § 203.

Ceara v. Deacon, 68 F. Supp. 3d 402, 408 (S.D.N.Y. 2014) (internal citations omitted)).  CPLR

Section 1024's two requirements are that the plaintiff must exercise due diligence to determine

the name of the defendant prior to the expiration of the statute of limitations; and must describe

the John Doe defendant in such a way that it "'will fairly apprise the party that [he] is the

intended defendant.'"  Ceara v. Deacon, 68 F. Supp. 3d at 409 (quoting Bumpus v. N.Y.C.

Trans. Auth., 66 A.D.3d 26, 883 N.Y.S.2d 99, 104 (2d Dep't 2009)); Colson v. Haber, 2016 WL

236220, at *4 (citing Hogan v. Fischer, 738 F.3d at 519); Moran v. County of Suffolk, 2015 WL

1321685, at *7-8 (citing cases).

Plaintiff argues that he has satisfied both of these requirements in that he exercised due

diligence to determine the names of all of the officers involved in the incident and investigation,

serving his first demand for discovery in December 2013.  (Pl.'s Aff. at 5).  He complains that

despite the document demand and further depositions, at no time did defendants disclose Officer

Madison's name as being involved.  (Id.)  Specifically, Officer Madison was the first officer

who arrived at the scene of the crime and was approached by a witness who described the

suspect.  (Id. at 2).  Plaintiff also contends that his Amended Complaint sufficiently "delineates .

. . 'defendant New York City Officers [who] were assigned to investigate the case,'" and that

this language was meant to include Officer Madison, who was designated as one of the John

Doe defendants.  (Id. at 5).  Plaintiff claims that as soon as Officer Madison's name and

involvement became known, plaintiff moved to amend to add him as a defendant.  (Id. at 6).

Finally, plaintiff notes that adding the officer will not delay matters further, because the plaintiff

"is not in need of any more information from Police Officer Madison and no further documents

or discovery is anticipated from him."  (Id.)

Defendants argue that plaintiff does not meet the requirements under CPLR § 1024.

(Defs.' Opp. at 6).  Specifically, defendants note that in determining whether the plaintiff exercised due diligence to identify the defendant prior to the running of the statute of limitations, the court should consider whether the proposed amendment is "'based on information that the party knew or should have known'" prior to the expiration of the limitations period.  (Id. (quoting Perfect Pearl Co. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d at 457).  Defendants argue that plaintiff was in possession of all the information about "Officer Maddison's" role with respect to the incident "more than one year prior to the expiration of the statute of limitations."  (Defs.' Opp. at 6).  Even though the plaintiff had "the sole document" describing Officer Madison's participation, plaintiff waited an entire year to move to amend.  (Id.)

Nowhere in his papers does plaintiff explain why he waited more than a year to seek to add Officer Madison, except to note that it was not until Officer Madison's deposition, which was taken on November 24, 2015, that plaintiff learned that the officer would be an appropriate defendant in the action. (Pl.'s Aff. at 2-3).  Specifically, plaintiff asserts that only after Officer Madison's deposition, "it was revealed that Officer Madison failed to take the information of the witness at the scene." (Id. at 3).  However, at Officer Madison's deposition, the officer actually testified that he had "no recollection" of the incident.  (Id. at 2).

Moreover, defendants provided the only documents regarding Officer Madison's involvement as part of their initial disclosures over two years ago on January 15, 2014.  (Defs.' Opp. at 2).  Included in these initial disclosures were the NYPD Complaint Follow-Up Informational Systems Index Sheets ("DD5s"), which describe the investigatory actions taken by the NYPD concerning the September 3, 2009 shooting.  (Pl.'s Aff. at 2).  Officer Madison is referenced by name in DD5 No. 14, which states that Detective Aiello:

10

> [I]nterviewed the first officer on the scene, Police Officer, P.O. Maddison from
> 070 Pct. Anti-crime. He stated that he and his supervisor Sgt. Kocher were the
> first on the scene . . . . That his supervisor, Sgt. Kocher called for assistance to
> contain the people on the crime scene and for crowd control. He then explained
> that he was approached by a male black who stated that he was a witness and told
> him that he was standing in the Bus stop, when he heard what he thought was
> gun shots [,] then saw a young male black (14-16 years old) in black run out of
> the alley way making a right running E/B towards East 26 Street.

(NYC18, attached as Exhibit B to Defs.' Opp.). Therefore, as of January 15, 2014, plaintiff was

aware that Officer Madison was the first officer who arrived at the scene and was approached by

a witness. Even if plaintiff contends that as of January 2014 he did not know whether Officer

Madison would be an appropriate defendant in the action, he nonetheless did not seek to depose

the officer until September 9, 2015, more than a year and a half later. (Defs.' Opp. at 2).

After reviewing the parties' papers, the Court finds that plaintiff cannot satisfy the

requirements under CPLR § 1024, because he failed to act with due diligence in substituting

Officer Madison for the John Doe defendant prior to the filing of the Amended Complaint and

prior to the running of the statute of limitations. See Doe v. New York, 97 F. Supp. 3d 5, 19

(E.D.N.Y. 2015); JCG v. Ercole, No. 11 CV 6844, 2014 WL 1630815, at *14 (S.D.N.Y. Apr.

24, 2014) (finding lack of due diligence where, in the three years plaintiff had to discover the

unknown parties, plaintiff waited until the last minute to submit multiple discovery requests and

failed to promptly seek further discovery). Further, as of January 15, 2014, plaintiff knew or

should have known that Officer Madison spoke to a witness, and thus, plaintiff could have

requested to depose Officer Madison in a timely manner. If, as it appears, this is the only basis

for the claim against Officer Madison, plaintiff could have amended his Amended Complaint at

a time prior to the running of the statute of limitations. Thus, he has not satisfied the

requirements for relation back under the CPLR.

Accordingly, the Court respectfully recommends that the motion to amend be denied as futile because the claims against Officer Madison would be barred by the statute of limitations.

### 2) Failure to State a Claim

Defendants also argue that the amendment should be denied because plaintiff fails to state a viable Section 1983 claim against Officer Madison. (Defs.' Opp. at 7). The sole factual allegation against the officer in the proposed Second Amended Complaint is limited to the allegation that the officer "investigated and spoke to a witness." (Prop. Am. Compl.[5] ¶ 16). This allegation alone, without more, fails to state a plausible claim of a violation of plaintiff's rights. Even if plaintiff is correct that the witness statement conveyed to the officer put the suspect in his mid-teens and not mid-twenties, there is no allegation that the officer failed to pass this information on to the other investigating officers or that he took any other steps to violate plaintiff's civil rights. In fact, DD5 No. 14, which was prepared by Detective Aiello, provides that Officer Madison told Detective Aiello that the witness "saw a young male black (14-16 years old) in black run out of the alley way making a right running E/B towards East 26 Street." (NYC18, attached as Exhibit B to Defs.' Opp.).

Therefore, even if plaintiff's claims against Officer Madison were not time-barred, the allegations as set forth in the Proposed Second Amended Complaint would be subject to dismissal for failing to set forth sufficient facts to state a plausible claim that would satisfy the requirements of Iqbal and Twombly. See Ashcroft v. Iqbal, 556 U.S. at 678 (2009) (internal quotations omitted) (holding that a proposed amendment is futile if it does not "state a claim to

---

[5] Citations to "Prop. Am. Compl." refer to plaintiff's Proposed Second Amended Complaint, filed on December 21, 2015.

12

relief that is plausible on its face"); Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc., 889 F.

Supp. 2d at 459 (internal citations omitted) (denying plaintiff's motion to amend where the

proposed amendment would be futile as a matter of law since "the proposed amended complaint

would fail to state a claim on which relief could be granted").

CONCLUSION

In light of the foregoing, the Court respectfully recommends that the plaintiff's motion to

file a Second Amended Complaint be denied.

Any objections to this Report and Recommendation must be filed with the Clerk of the

Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report.

Failure to file objections within the specified time waives the right to appeal the District Court's

order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b); Small v. Secretary of Health

& Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties

either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated: Brooklyn, New York
        May 25, 2016

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York